# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Donna Walls, widow of**
**Rocky F. Walls,**
**Claimant Below, Petitioner**

**vs.)    No. 21-0947    (BOR Appeal No. 2056761)**
**(Claim No. 2020017274)**

**Brayman Construction,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donna Walls, widow of Rocky F. Walls, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Brayman Construction filed a timely response.[1] The issue on appeal is dependent's benefits. The claims administrator denied the application for benefits on December 27, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 7, 2021, Order. The Order was affirmed by the Board of Review on October 22, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Mr. Walls, a laborer, was first diagnosed with asbestos-related disease on September 19, 1992. His first exposure to asbestos was on May 30, 1975, while working at Alloy at Smithers and Carbide (aka Union Carbide). From 1992 until he ceased working, Mr. Walls was exposed to asbestos at multiple jobs. He completed an affidavit on July 26, 1993, indicating he worked at Union Carbide in Nitro and Evans Lead in the 1970s and 1980s where he was exposed to craftsmen removing asbestos. Mr. Walls began employment at Union Carbide in South Charleston in August of 1992, where he also was exposed to asbestos during removal.

Mr. Walls passed away on April 28, 2019. On July 15, 2019, Mrs. Walls filed an application for fatal dependent's benefits with Brayman Construction corporation indicating Mr. Walls worked for the company from May 3, 2010, to October 4, 2010, his date of last exposure. Mrs. Walls completed an affidavit on July 29, 2020, stating that over the course of their forty-five year marriage, Mr. Walls worked as a laborer and performed various construction duties. Mrs. Walls

---

[1]Petitioner, Donna Walls, widow of Rocky F. Walls, is represented by John H. Skaggs, and respondent, Brayman Construction, is represented by Lisa Warner Hunter.

opined that based on her observations of Mr. Walls's condition and clothing after he returned from work, he was exposed to several breathable hazards on a regular basis throughout his employment.

Elmer Clark stated in a December 14, 2020, affidavit that he had worked at Brayman Construction since 2008 and worked with Mr. Walls from May of 2010 through October of 2010. Mr. Clark stated that Mr. Walls was never employed as a grinder because such position required the use of a respirator. Mr. Walls was unable to wear a respirator due to preexisting breathing problems. Mr. Clark asserted that Mr. Walls stated that he had had breathing problems for years.

On May 7, 2021, the Office of Judges affirmed the claims administrator's denial of dependent's benefits. It found that a statement from the West Virginia Laborers' Pension Trust Fund regarding Mr. Walls's credited service indicates he worked in the union for twenty years between 1976 and 1995. The Office of Judges determined that it was unchallenged that Mr. Walls was exposed to occupational dust hazards during that time period and that he developed significant breathing problems.

The Office of Judges also determined, however, that the record fails to show that Mr. Walls met the exposure qualifications required in West Virginia Code § 23-4-1(b), which states that

> …compensation is not payable for the disease of occupational pneumoconiosis, or death resulting from the disease, unless the employee has been exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the 10 years immediately preceding the date of his or her last exposure to such hazards, or for any five of the 15 years immediately preceding the date of his or her last exposure.

The Office of Judges found that Mr. Walls retired in 1995 and returned to work in 2005. That year he worked 290.5 hours for National Engineering. From May 1, 2006, through July 11, 2006, Mr. Walls worked for Kokosing for a total of 493 hours. In 2007, he worked for Trumbull Corporation for 113 hours between August 15, 2007, and October 14, 2007. Mr. Walls was employed by Kokosing from May 31, 2008, through June 14, 2008, for seventy-four hours; for Agsten Construction for nine hours; and for Kokosing for sixty hours beginning on July 18, 2008. Finally, in 2009, Mr. Walls worked eight and a half hours for Agsten Construction and thirty-seven hours for G&G Builders, Inc., between June 6, 2009, and July 22, 2009. Based on Mr. Walls's work history the Office of Judges concluded that Mrs. Walls failed to show that Mr. Walls was exposed to the hazards of occupational dust for two of the ten or five of the fifteen years immediately preceding the date of his last exposure.

The Office of Judges also determined that the evidence seems to indicate Mr. Walls was not exposed to hazardous dust while working for Brayman Construction. In an affidavit, Elmer Clark stated that Mr. Walls did not work for Brayman Construction as a grinder because he had preexisting breathing problems and was unable to wear the required respirator. Mr. Clark stated that Mr. Walls was assigned to patching and rubbing specifically because a respirator was not required. The Office of Judges concluded that Mr. Clark's affidavit was uncorroborated but also unchallenged. The Office of Judges therefore affirmed the denial of dependent's benefits. The

Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 22, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1, in order to qualify for dependent's benefits, the employee must be exposed to hazardous dust in the course of his employment for "a continuous period of not less than two years during the ten years immediately preceding the date of his or her last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of his or her last exposure." Mr. Walls's date of last exposure was October 4, 2010. The evidence of record shows that he had no continuous exposure to the hazards of occupational dust during the relevant time periods sufficient to qualify Mrs. Walls for dependent's benefits.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn